DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

KATHERINE M. LLOYD-LOVETT (CABN 276256)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Katherine.Lloyd-Lovett@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: CR 17-00516 JST |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | DATE: April 26, 2019 |
| MARCUS ANTONIO REDIC, | TIME: 9:30 a.m. |
| Defendant. | Hon. Jon S. Tigar |

## I. INTRODUCTION

The government respectfully submits this sentencing memorandum concerning the defendant, Marcus Redic. The defendant was charged via Superseding Information with one count of conspiracy to commit sex trafficking of a minor, in violation of 18 U.S.C. § 1594(c). Dkt. 47. The parties entered into a plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, and the defendant pled guilty on November 16, 2018. Dkt. 56. Under the plea agreement, the parties agreed to a sentence of imprisonment of between 120 months and 144 months, a 20-year term of supervised release, a $5,100 special assessment (or $100 if Redic was found to be indigent), restitution, and

forfeiture. *Id.* at ¶ 8. The Probation Officer has since concurred with the parties' view of the appropriate sentence, recommending 144 months in custody. Dkt. 64 at 34.

The parties' agreed-upon resolution of this matter represents the sentence that is sufficient, but not greater than necessary, to achieve the goals of sentencing. The government therefore recommends that the Court accept the parties' agreement and impose a sentence of 144 months of imprisonment, a 20-year term of supervised release, and a $100 special assessment.[1]

## II. FACTUAL BACKGROUND

The Presentence Investigation Report ("PSR") accurately and comprehensively describes the offense conduct in this case. Dkt. 64 at ¶¶ 6–24. In short, in April 2015, the defendant conspired with his girlfriend in an effort to sex-traffic and serve as the pimp for two underage girls, Victim One and Victim Two. For approximately two weeks, the victims, ages 14 and 15, were, in fact, trafficked in Oakland and elsewhere in the Northern District of California. The defendant received some of the money that the victims were paid in exchange for providing sex acts and he worked together with his girlfriend to facilitate the victims' prostitution activities.

In addition, the PSR accurately reflects the fact that this conduct was part of a pattern of activity involving prohibited sexual conduct on the part of the defendant. *See, e.g.*, Dkt. 64 at ¶¶ 58, 62–63 (describing prior convictions for pandering, human trafficking, and unlawful sexual intercourse with a minor). Moreover, the defendant committed this new offense while on supervised release for a conviction for passing counterfeit currency out of the Central District of California. *Id.* at ¶¶ 65, 68.

The defendant was charged via Indictment in September 2017 with sex trafficking by force, threats of force, fraud, and coercion, in violation of 18 U.S.C. § 1591(a)(1), an offense which carries a mandatory minimum term of 15 years of imprisonment. Dkt. 1. In November 2018, the government filed a Superseding Information charging defendant with conspiracy to commit sex trafficking of a

---

[1] The government has been in touch with Victim One but has not, to date, received a victim impact statement or information regarding restitution from Victim One. Should the government receive further information from Victim One prior to sentencing, it will provide that information to the Court, defendant, and the Probation Officer as soon as possible. The government does not believe that Victim One intends to attend sentencing in this matter. The government has been unable to locate or contact Victim Two.

minor, in violation of 18 U.S.C. § 1594, which is an offense that has no mandatory minimum penalty. Dkt. 47. The defendant pled guilty to that offense pursuant to the parties' plea agreement. Dkt. 56.

## III. ARGUMENT

### A. Sentencing Guidelines calculation

To determine the proper sentence, the Court must consider the factors and directives set forth in 18 U.S.C. § 3553(a). *See United States v. Booker*, 543 U.S. 220, 261 (2005). Those factors include the nature and circumstances of the offense; the history and characteristics of the defendant; the kinds of sentences available; the Sentencing Guidelines range; Sentencing Commission policy statements; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a). The Court must then determine a sentence that is "sufficient, but not greater than necessary," to achieve the goals of § 3553(a). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc). These goals include the need to reflect the seriousness of the offense, promote respect for the law, and provide for just punishment; afford adequate deterrence to criminal conduct; protect the public from future crimes; and provide the defendant with needed training, medical care, or other correctional treatment in the most effective manner. *See* 18 U.S.C. § 3553(a)(2).

Although the Sentencing Guidelines are advisory, they remain the "starting point and initial benchmark" for sentencing. *United States v. Ellis*, 641 F.3d 411, 415 (9th Cir. 2011) (quoting *Kimbrough v. United States*, 552 U.S. 85, 108 (2007)). The PSR correctly calculates the applicable total offense level as 30.[2] The base offense level applicable here is 24, with two additional levels added because the offense involved the commission of sex acts by the victims. USSG §§ 2X1.1, 2G1.3(a)(4), 2G1.3(b)(4)(A). Two additional points are added under the grouping rules because there were two minor victims involved in this offense. USSG §§ 2G1.3(d)(1), 3D1.4(a). Five more points are then added because the defendant engaged in a pattern of activity involving prohibited sexual conduct.

---

[2] Although paragraph 4 of the PSR states that the Probation Officer "does not agree with the proposed guideline calculations as set forth in the Plea Agreement," this appears to be a typographical error, as the Offense Level Computation section of the PSR reaches the same Guidelines calculation result—*i.e.*, a Total Offense Level 30—as set forth in the parties' plea agreement. *See* Dkt. 64 at ¶¶ 30–49.

USSG § 4B1.5(b).[3] The defendant accepted responsibility by pleading guilty, thus earning a three-level decrease. USSG § 3E1.1.

The PSR identifies the defendant as having a criminal history score of 18, leading to a criminal history category of VI. Dkt. 64 at ¶ 69. The Guidelines sentence for an offense level of 30 at a criminal history category of VI is 168 to 210 months of imprisonment.

**B. The parties' recommended sentence**

The Rule 11(c)(1)(C) plea agreement entered into by the parties "is contingent until the court accepts" it. *Freeman v. United States,* 564 U.S. 522, 529-30 (2011) (plurality opinion). The Court may accept the agreement, reject the agreement, or wait to consider the agreement until it has reviewed the presentence report. *See* Fed. R. Crim. P. 11(c)(3). If the Court accepts the agreement, it must impose the recommended sentence. *See* Fed. R. Crim. P. 11(c)(4). "If the Court ultimately rejects the agreement, it must give the defendant the opportunity to withdraw his plea." *United States v. Heredia*, 768 F.3d 1220, 1227 (9th Cir. 2014) (citing Fed. R. Crim. P. 11(c)(5)).

The government respectfully requests that the Court accept the plea agreement and sentence the defendant to 144 months of imprisonment, a 20-year term of supervised release, and a $100 special assessment. The recommended sentence is a 24-month downward variance from the applicable Guidelines range; however, that sentence is an appropriate one based on the factors set forth in § 3553(a). There is no doubt that the defendant's offense conduct in this case was very serious—conspiring to sex-traffic two minors—and that it was the culmination of a troubling pattern of conduct in which the defendant has trafficked and abused women, including at least one minor victim, in the past.

---

[3] Section 4B1.5(a) does not apply in this case. Only one of the defendant's prior convictions expressly involved a minor, his 2009 conviction under California Penal Code § 261.5(d). The Ninth Circuit held in *Pelayo-Garcia v. Holder* that, under the *Taylor* analysis, a California state conviction for that offense criminalized a broader range of conduct than 18 U.S.C. § 2243 "because a defendant could be convicted under section 261.5(d) even if the government failed to prove beyond a reasonable doubt that the defendant 'knowingly' engaged in a sexual act." 589 F.3d 1010, 1014 (9th Cir. 2009); *see also United States v. Sullivan*, 797 F.3d 623, 637 (9th Cir. 2015) (section 261.5(d) is not equivalent to federal generic "sex abuse of a minor" because the federal definition requires that the defendant knowingly engage in the sexual act but section 261.5(d) does not have that requirement). Therefore, because California Penal Code § 261.5 is not a categorical match to § 2243, it does not qualify as a "sex offense" for purposes of the § 4B1.5 enhancement.

Nonetheless, the government believes that, in light of the totality of the circumstances, a twelve-year custodial sentence will achieve the goals of sentencing here. To begin with, a twelve-year custodial sentence is much longer than any prior sentence faced by the defendant; his longest prior prison sentence was three years, imposed in 2009 for a probation violation. Dkt. 64 at ¶ 62. Moreover, under the recommended sentence, the defendant will face 20 years of supervision once he is released from prison, to include a suspicionless search condition, sex-offender treatment, and potential registration as a sex offender if required by state law. This lengthy term of supervision will allow him to receive treatment and, more importantly, for the careful and intensive oversight that he so clearly requires given his recidivism. Should he violate his supervised release, the defendant can be returned to prison for a significant period of time. The government therefore believes that a custodial sentence at the high-end of the parties' agreed-upon range of ten to twelve years is the appropriate one here.

## IV. CONCLUSION

For the reasons set forth above, the government requests that the Court accept the parties' plea agreement and impose a sentence of 144 months of imprisonment, a 20-year term of supervised release, and a $100 special assessment.

DATED: April 19, 2019  Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

  /s/
KATHERINE M. LLOYD-LOVETT
Assistant United States Attorney

5
UNITED STATES' SENTENCING MEMORANDUM
17-CR-00516 JST